FILED
United States Court of Appeals
Tenth Circuit

June 11, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

In re:

JAMES ALLEN BRAXTON,

Movant.

No. 08-1151
(D.C. No. 1:08-CV-000724-ZLW)
(D. Colo.)

---

ORDER

---

Before **TACHA**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

Movant James Allen Braxton, a Colorado state prisoner proceeding pro se, has filed a motion for authorization to file a second or successive 28 U.S.C. § 2254 petition, seeking to challenge his conviction for first degree murder and aggravated robbery. We deny authorization.

Braxton was found guilty by a jury in 1988, and sentenced to life imprisonment. His conviction was affirmed on appeal. He filed his first § 2254 petition challenging that conviction in 2001. One of the claims he presented was that the state violated his due process rights by denying his post-conviction motion to perform DNA testing on a blood-stained jacket and shirt seized from his home and found at trial to contain the victim's blood. The district court

denied the petition, and this court denied Braxton a certificate of appealability. *Braxton v. Furlong*, No. 02-1541 (10th Cir. June 9, 2003) (unpublished order).

In April 2008, Braxton attempted to file another § 2254 motion in district court. Before a second or successive § 2254 petition can be filed in the district court, a petitioner is required to "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3). Braxton failed to seek or obtain this authorization, so the district court transferred the matter to this court pursuant to 28 U.S.C. § 1631, to give him an opportunity to seek such authorization.

In his motion for authorization, Braxton seeks to again claim that he was denied his due process rights because the state has not performed current DNA testing on the jacket and shirt seized from his home. A circuit court may authorize the filing of the second or successive application only if it presents a claim that was not previously raised and either "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," *id*. § 2244(b)(2)(A), or depends on facts, previously undiscoverable through the exercise of due diligence, that would establish by clear and convincing evidence that he was not guilty of the offense, *id*. § 2244(b)(2)(B).

Because Braxton presented this same DNA claim in his prior § 2254 petition, we may not authorize him to again file it in district court. *See id.*

§ 2244(b)(2); *see also id.* § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."). Braxton claims he is relying on a new Colorado state law enacted in 2003, Colo. Rev. Stat. § 18-1-413, that permits post-conviction DNA testing to demonstrate the prisoner's actual innocence. This new state statute does not, however, satisfy the requirements of § 2244(b)(2)(A) because it is not new constitutional law declared retroactively applicable by the Supreme Court of the United States. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive.").

Accordingly, we DENY Braxton authorization to file a second or successive § 2254 petition. This denial of authorization is not appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari. *See* 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk